UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 1:04CR158 JCH |
| ) | |
| DAVID ALLEN AMOS, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Indictment under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. ("Defendant's Motion to Dismiss"), filed December 8, 2005. (Doc. No. 32). The matter is fully briefed and ready for disposition.

**BACKGROUND**

The pertinent background facts in this matter are not in dispute. Defendant David Allen Amos was indicted on October 21, 2004, on one count of knowingly and intentionally distributing a mixture or substance containing a detectable amount of methamphetamine, and one count of knowingly and intentionally possessing pseudoephedrine, knowing or having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine. (Doc. No. 1). Defendant made his first appearance before United States Magistrate Judge Lewis M. Blanton on June 27, 2005. (Doc. No. 9). During that appearance, Defendant entered a plea of not guilty, and further waived his right to a detention hearing, resulting in an order of detention being entered that day by Judge Blanton. (Id.).

On July 11, 2005, Defendant filed a motion for extension of time within which to file pretrial motions, and a motion for continuance of the pretrial motions hearing. (Doc. No. 17). Judge Blanton

granted Defendant's motion on July 12, 2005, and ordered the pretrial motions hearing then set for July 19, 2005, to be reset to August 4, 2005. (Doc. No. 19).

On July 22, 2005, Defendant waived his right to file pretrial motions. (Doc. No. 20). This Court therefore entered an Order setting Defendant's matter for a jury trial on August 22, 2005. (Doc. No. 23). On August 15, 2005, at Defendant's request, this matter was set for a Change of Plea hearing to be held August 22, 2005.

On the morning of August 22, 2005, Defendant, through counsel, requested that this matter be continued to November 14, 2005. (Defendant's Motion to Dismiss, ¶ 9). The Government did not object, and the Court granted the requested continuance.[1]

On November 14, 2005, Defendant declined to enter a plea of guilty, as previously indicated. Instead, Defendant requested a continuance, in order to file a motion to dismiss indictment and/or a motion to disqualify his attorney. The Court agreed, and granted Defendant until November 18, 2005, within which to file the desired motions. (Doc. No. 26).

On November 17, 2005, Defendant's counsel filed a motion to withdraw as attorney of record. (Doc. No. 27). After allowing time for briefing, the Court denied the motion on December 5, 2005. (Doc. No. 30). The Court further set this matter for trial on Monday, December 12, 2005. (Id.). As stated above, Defendant filed the instant Motion to Dismiss on December 8, 2005, requesting that the indictment be dismissed due to a violation of the Speedy Trial Act. (Doc. No. 32). Defendant then plead guilty on December 9, 2005, but reserved the right to pursue the instant motion. (Doc. No. 33).

---

[1] No record exists of the discussion of Defendant's motion to continue between the Court and counsel for the Defendant and the Government, and thus it is unclear whether the Court made findings at that time that the ends of justice served by the granting of such continuance outweighed the best interests of the public and the Defendant in a speedy trial.

## DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161, provides in relevant part as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The parties agree that Defendant's speedy trial clock began ticking on June 27, 2005, the date on which he made his initial appearance before United States Magistrate Judge Lewis M. Blanton.

By the Court's calculation, 166 days elapsed between June 27, 2005, and December 9, 2005, the date on which Defendant plead guilty to the pending charges. The Speedy Trial Act provides that certain periods shall be excluded in computing the time within which trial must commence, however. As relevant here, the Act provides for exclusion of the following:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--....
>
> > (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;....
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. §§ 3161(h)(1)(F), (h)(8)(A).

In the instant case, the parties agree the following days properly are excluded from the calculation of elapsed speedy trial time pursuant to 18 U.S.C. § 3161(h)(1)(F): (1) one day for Defendant's June 27, 2005, court appearance, as the Government's motion for pretrial detention was pending at that time; (2) two days, July 11, and July 12, 2005, for the time Defendant's motion for extension of time within which to file pretrial motions was pending; and (3) eighteen days, from November 17, 2005, to December 5, 2005, the time during which Defendant's counsel's motion to withdraw remained pending. (See Defendant's Motion to Dismiss, ¶ 11; Defendant's Reply to Government's Response to Defendant's Motion to Dismiss Indictment under the Speedy Trial Act, ¶¶ 1, 2). Excluding those days, 145 days elapsed between Defendant's initial appearance and his guilty plea.

The major dispute between the parties goes to whether the 84 days between August 22, 2005, and November 14, 2005, are excludable pursuant to 18 U.S.C. § 3161(h)(8)(A). While the period of delay clearly resulted from a continuance granted by this Court at the request of Defendant's counsel, Defendant maintains the time nevertheless counts toward his speedy trial time, as the Court did not set forth its reasons for finding that the ends of justice served by the granting of the continuance outweighed the best interests of the public and the Defendant in a speedy trial.

Upon consideration, the Court will exclude the 84 days from the calculation, based on the "ends of justice" exclusion of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8). Specifically, the Court finds the ends of justice served by the granting of the continuance outweighed the best interests of the public and the Defendant in a speedy trial, for two reasons: (1) the failure to grant the continuance would likely have made a continuation of the proceeding impossible, or resulted in a miscarriage of justice; and (2) the failure to grant the continuance would have denied counsel for the

Defendant the reasonable time necessary for effective preparation. See 18 U.S.C. § 3161(h)(8)(B)(i), (iv).[2]

Thus, by the Court's calculation, a minimum of 105 of the 166 days that elapsed between Defendant's initial appearance and his guilty plea are excludable time under the Speedy Trial Act. Defendant's matter thus was resolved within the seventy days permitted by 18 U.S.C. § 3161(c)(1), and so his motion to dismiss on Speedy Trial Act grounds must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Indictment under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (Doc. No. 32) is **DENIED**.

Dated this 25th day of January, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] The Court's subsequent articulation of its reasoning is permissible under Eighth Circuit law, as follows:
> While a court generally should make the findings required by section 3161(h)(8)(A) at the time it grants the continuance, the Speedy Trial Act does not require the court to make a contemporaneous record.

United States v. Clifford, 664 F.2d 1090, 1095 (8th Cir. 1981) (citation omitted). See also United States v. Stackhouse, 183 F.3d 900, 901 (8th Cir. 1999) (internal citations omitted) ("For a continuance to be excludable, the district court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. Contemporaneity is not required, however, and a subsequent articulation suffices."); United States v. Larson, 417 F.3d 741, 746 (7th Cir. 2005) (internal citations omitted) ("Though the district court is not required to make Speedy Trial Act findings contemporaneously with a continuance order, the better practice is for the court to make the required findings at least prior to a defendant's motion to dismiss the indictment for a violation of the Act. Nevertheless, [Defendant] is hardly in a position to complain about the delay because he was the one who asked for it.").